IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-610-CV





IN THE MATTER OF D. R. G.,



 APPELLANT



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. J-11,585, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 





PER CURIAM

 This is an appeal from a trial-court judgment modifying disposition in a juvenile
proceeding. We will reverse the trial court's judgment.

 Appellant D.R.G. is a juvenile previously adjudged a delinquent by the trial court
and placed on probation in the custody of his mother. A condition of probation was that D.R.G.
obey all laws. On August 20, 1992, the State filed a motion to modify disposition (1) alleging that
D.R.G. violated this term of his probation by committing felony auto theft. See Act of May 23,
1991, 72d Leg., ch. 565, § 1, 1991 Tex. Gen. Laws 2003, 2003 (Tex. Penal Code Ann. art.
31.03(e)(4)(A), since amended). Following a hearing on the motion, the trial court found that
D.R.G. had violated its probation order and engaged in delinquent conduct and rendered two
orders, one modifying judgment of delinquency and the other modifying probation and ordering
D.R.G. committed to the Texas Youth Commission. See Act of May 25, 1991, 72d Leg., ch.
784, § 8, 1991 Tex. Gen. Laws 2778, 2781 (Tex. Fam. Code Ann. § 54.04(d)(2), since
amended). These two orders, signed September 28, 1992, comprise the judgment of the trial
court.

 In a single point of error, D.R.G. asserts that the trial court erred in finding that
he engaged in the delinquent conduct of felony auto theft because there is no evidence of the value
of the automobile which was the subject of the alleged felony theft. In its brief, the State concedes
this cause is not supported by sufficient evidence and prays we sustain D.R.G.'s sole point of
error. (2)
 Accordingly, we sustain D.R.G's sole point of error.

 We reverse the trial court's orders, signed September 28, 1992, and render
judgment that the State's motion to modify disposition filed on August 20, 1992, is denied. 


Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Reversed and Rendered

Filed: February 2, 1994

Do Not Publish

1. [1] See Tex. Fam. Code Ann. art. 54.05 (West 1986).
2. [2] D.R.G. filed a motion for extension of time to file statement of facts and motion to
supplement the record with an agreed stipulation of evidence. The motion and supporting
affidavits reflect that the court reporter lost the record of oral testimony in this cause due to no
fault of appellant. See Tex. R. App. 50(e). We granted D.R.G's motion to supplement the
record. See Tex. R. App. 55(b). The agreed stipulation recites:


It is hereby agreed and stipulated by all parties:


 The testimony presented on September 28, 1992, to the District Court of
Travis County, Texas, sitting as a Juvenile Court in Cause No. J-11,585,
In the Matter of [D.R.G.], did not include any evidence of the value of the
vehicle which vehicle was the basis for the charge and adjudication of
delinquent conduct of theft of vehicle of the value of more than $750.00 but
less than $20,000.00.